## Kirkendall Estate

*Nelson A. Bryan*, for testamentary guardian.

*Thomas E. Mack* and *Joseph V. Kasper*, guardians ad litem.

*Arthur A. Silverblatt*, for legatee.

SELECKY, P. J., August 3, 1959.—Frederick C. Kirkendall died August 7, 1945, leaving a will apparently prepared by testator himself on his own stationery containing his embossed initials, which reads, in its entirety, as follows:

"July 12th, 1944.

"It is my will and desire that all my real estate go to my wife, Bettie M. Kirkendall together with two thirds of all my personal property, consisting of cash, stocks, bonds and securities; the remaining one third to be held in trust by my wife Bettie M. Kirkendall for our daughter Doris M. Kirkendall and our son Frederick C. Kirkendall *III* until he or she becomes 25 years old when the same shall be divided equally between them.

"I wish my wife Bettie M. Kirkendall to act as executrix of this, my will.

/s/ Frederick Kirkendall"

The widow, Bettie M. Kirkendall, completed her administration as executrix of said estate in 1948, and thereupon was awarded one third of the personal property as "trustee" for these children, Doris M. Kirkendall and Frederick C. Kirkendall, 3rd, in anticipation of which she had filed an "Acceptance of Appointment of Testamentary Trustee" on January 2, 1946. Had the executrix then brought to the attention of the court, in her petition for distribution, the need for a delineation of her duties and powers as such "trustee" under said will, this court would have properly guided her, thus avoiding the objections filed with the court presently.

Bettie M. Kirkendall filed her first and final account as such "trustee" on March 25, 1959, after her daughter, Doris M. Kirkendall, became 25 years old and in her petition for adjudication she requested this court to interpret her duties and rights as such "trustee", praying that this court approve the credits she requested for her expenditures from the income of said account toward the maintenance and support of her children, Doris and Frederick, both of whom were minors at the time of the death of their father, Frederick C. Kirkendall. This court appointed Thomas E.

Mack and Joseph V. Kasper, Esqs., as guardians ad litem for Frederick C. Kirkendall, 3rd, who is 15 years of age, and the guardians ad litem filed objections to her account to the effect that said "trustee" had no power to consume even the income, under the terms of the "trust", for the care of her children without prior court approval.

An examination of the wording of this will, obviously prepared by testator himself, reveals that he did not intend to establish a formal "trust", because he did not impose any particular duties upon his wife, Bettie M. Kirkendall, whom he also appointed executrix of his will. He merely requested that she retain the "remaining one-third (of personal property) to be held in trust . . . for our daughter and our son . . . until she or he becomes 25 years old when the same shall be divided equally between them".

Testator, Frederick C. Kirkendall, knew that his son, Frederick, would be only 15 at the time Doris became 25 years of age, yet he directed that these funds should then be "divided equally between them". Such a direction to distribute the corpus negates any intention to impose special duties upon the fiduciary, even though testator knew his son Frederick would still be a minor at that time. Without outlining formal duties for his appointed fiduciary, other than to hold said personal property until she was to distribute it, testator revealed no intent to set up a formal trust. Even the receipt of income is not sufficient to establish an active trust. 2 Hunter, Pennsylvania Orphans' Court Commonplace Book, §3 (h), p. 1270, indicates that: "In the absence of active duties, the trust is a dry trust, and the fund will be awarded to a guardian; minority does not imply active duties [citing cases]". In the instant case, it is clear that testator gave his widow, Bettie M. Kirkendall, no duties other than to hold said funds until the oldest child became 25. This is specifi-

cally the duty of a guardian, not that of a trustee.

It is well settled that the duties and not the designation of title determine in what capacity a fiduciary acts. It has been stated thus in Palumbo's Estate, 15 Dist. R. 188 (Phila. Co., 1906), page 189:

". . . it is well established that no particular language is necessary to make a valid appointment of a testamentary guardian, and that if the powers of a guardian are given by will, the person to whom they are given will be recognized as guardian: [citing cases]."

Similar language can be found in Scully's Estate, 10 Dist. R. 731 (Phila. Co., 1901). A father had the right to designate his wife, the mother of the children, their testamentary guardian, by virtue of the Act of May 13, 1925, P. L. 689, in effect when this testator died in 1945.

Expressly and actually this bequest established a testamentary guardianship and not an active trust, so that his wife, as such "guardian", did not receive title to this personal property but only certain powers and duties to deal therewith for the benefit of the minor children who actually held the title to the property. Among the powers of a guardian is the power and duty to maintain and support the minors, which she may do from income without court approval. See Fiduciaries Act of April 18, 1949, P. L. 512, sec. 1084, 20 PS §320.1084. Our Luzerne County Orphans' Court Rule (12), 5.4(a)(2), likewise provides that a guardian may use income for maintenance, support or education of the minor without prior court approval. It is only when payments are to be made from the principal that the court's prior approval is necessary.

In the instant case, the guardians ad litem and the "trustee", Bettie M. Kirkendall, stipulated that only income from the personal property held by her during these years was used for the maintenance and support

of both minor children. In fact, the principal is larger now than it was at the time the so-called "trust" was established in 1948, because of the appreciation of assets.

Accordingly, the first and final account of Bettie M. Kirkendall as "trustee" of her children will be amended to read "The First and Partial Account of Bettie M. Kirkendall, as Testamentary Guardian of the Estates of Doris M. Kirkendall and Frederick G. Kirkendall, III, minors" and will, as such, be confirmed. The formal objections filed by attorneys Thomas E. Mack and Joseph V. Kasper, as guardians ad litem for Frederick C. Kirkendall, 3rd, still a minor of the age of 15, are hereby dismissed. Since this so-called "trust", which was really a testamentary guardianship, was directed to be terminated when the oldest child reached the age of 25, the funds will now be divided between Doris, now sui juris, and the minor son, Frederick, 3rd, now 15 years of age, for whom Bettie M. Kirkendall will continue to act as testamentary guardian until he reaches 21 years of age (not 25).

Accordingly, it is hereby

### Ordered and Decreed

That the account filed by Doris M. Kirkendall, entitled "First and Final Account of Trustee", is hereby amended to read "First and Partial Account of the Testamentary Guardian of Doris M. Kirkendall and Frederick C. Kirkendall, III, Minors", and said account is hereby confirmed absolutely; that the formal objections filed by the guardians ad litem for Frederick C. Kirkendall, 3rd, minor, namely, Thomas E. Mack and Joseph V. Kasper, Esqs., are hereby dismissed; that one half of said estate shall be distributed to Doris M. Kirkendall, now an adult, less the partial distribution heretofore approved, and the remaining one half of the estate will be returned to

Bettie M. Kirkendall to be administered by her as testamentary guardian of Frederick C. Kirkendall, 3rd, a minor, until he reaches his majority. A report on audit of said account, in conformity with this decree, will follow shortly.